Louis H. Pink, Superintendent of Insurance of the State of New York, as Liquidator of Consolidated Indemnity and Insurance Company, Appellant, *v.* Ephraim Silverman, Respondent.

First Department, January 29, 1937.

*Abraham J. Halprin* of counsel [*Lester Weil,* attorney], for the appellant.

*Samuel Friedman* of counsel [*J. T. Robbins,* attorney], for the respondent.

O'Malley, J. Plaintiff, as liquidator of the Consolidated Indemnity and Insurance Company (hereinafter called Consolidated), sues on a judgment secured by his predecessor in office against Eagle Underwriters, Inc. (hereinafter referred to as Eagle). The judgment represents moneys collected by Eagle under an agency contract between it and the Consolidated. The action seeks to recover the amount of the judgment from the defendant on his indemnity agreement of the agency contract.

Concededly the defendant executed the written contract of indemnity at a time when he was an officer and director of Eagle,

jointly interested therein with one Mogul. Subsequently the defendant sold out his entire interest to Mogul and withdrew from any further participation in its affairs. His defense to this action is predicated upon the claim that by agreement between him and Consolidated he was released from his obligation of indemnity.

In our view the defendant failed to establish this defense. The alleged agreement of release was oral and was to the effect that when the defendant notified one Schindler, resident vice-president of Consolidated, that he was to withdraw from Eagle and that Mogul was to assume all its obligations, Schindler agreed to look to Mogul for the liabilities of Eagle to Consolidated.

We are unable to construe this conversation as effecting a release of the defendant from his written agreement of indemnity. It is noteworthy that no specific reference was made to the agreement or to defendant's obligation thereunder.

That no such release was intended finds support in the subsequent conduct of the parties. Concededly, Eagle submitted to the Consolidated other collateral which was to take the place of the defendant's indemnity obligation. Upon investigation of this proposed substituted collateral the Consolidated decided it was worthless and refused to accept it. In none of the letters written by Eagle in connection with this proposed substitution was any claim made by Eagle that the defendant had been released; nor did the defendant so claim in his letter to Consolidated giving notice of his severance of connection with Eagle.

But assuming the agreement relied upon might be regarded as one of release, it would be effectual only as to future obligations. The obligation of the defendant continued until he was released. At the time the alleged agreement was made Eagle was indebted to Consolidated in an amount in excess of the judgment sued upon. By the same token the defendant was likewise indebted to Consolidated and was under an obligation to pay. We find no consideration for Consolidated's agreement to release the defendant from what he was already obligated to do under the written contract. (*Schwartzreich* v. *Bauman-Basch, Inc.*, 231 N. Y. 196, 202.) On the whole evidence, therefore, we are of opinion that the plaintiff was entitled to judgment and that it was error to dismiss the complaint.

It follows, therefore, that the judgment should be reversed, with costs, and judgment granted in the plaintiff's favor for the amount sued for, with interest and costs, less the sum of $500 admittedly paid thereon.

MARTIN, P. J., McAVOY, GLENNON and UNTERMYER, JJ., concur.

Judgment unanimously reversed, with costs, and judgment directed in plaintiff's favor for the amount sued for, with interest and costs, less the sum of $500 admittedly paid thereon. Settle order on notice.